**Nicholas Kampars**, OSB No. 063870
nick.kampars@wildwoodlaw.com
Wildwood Law Group LLC
3519 NE 15th Ave., #362
Portland, OR 97212
Telephone: (503) 564-3049

**Marcus A. Christian** (*pro hac vice*)
mchristian@mayerbrown.com
**Amber C. Thomson** (*pro hac vice*)
athomson@mayerbrown.com
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

*Attorneys for Defendant*
*Boeing Employees' Credit Union*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD KREFTING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAYE-SMITH ENTERPRISES, INC., and BOEING EMPLOYEES' CREDIT UNION,<br><br>Defendants. | CASE NO. 3:23-cv-01164-AR<br><br>**DEFENDANT BOEING EMPLOYEES' CREDIT UNION'S RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

DEFENDANT BOEING EMPLOYEES' CREDIT UNION'S
RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
CASE NO. 3:23-cv-01164-AR

MAYER BROWN LLP
Attorneys at Law
1999 K Street, N.W.
Washington, D.C. 20006-1101

Plaintiff Richard Krefting ("Plaintiff") sued Boeing Employees' Credit Union ("BECU") after learning about a cyberattack affecting BECU's printing vendor, Kaye-Smith Enterprises, Inc. ("Kaye-Smith") Dkt. 1. Only two of Mr. Krefting's five claims survived BECU's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Krefting v. Kaye-Smith Enters., Inc.*, 2023 WL 4846850, *5, *8-9 (W.D. Wash. July 28, 2023). BECU moved for judgment on the pleadings on November 6, 2023, arguing that Plaintiff lacks Article III standing. Dkt. 74. Thereafter, Plaintiff sought a 10-day extension to respond to BECU's motion. Dkt. 83. Rather than respond, however, Plaintiff made his own filing intending to dismiss his case on November 21, 2023. Dkt. 85. The Court construed Plaintiff's filing as a motion for voluntary dismissal of this action under Rule 41(a)(2) (the "Motion for Voluntary Dismissal"). *See* Dkt. 87, generally. Plaintiff subsequently informed the Court that "the parties have reached a resolution in the case and . . . are trying to dismiss the case." Dkt. 89. Plaintiff provided no additional information about the parties' "resolution." *See id*. However, only one proposed settlement agreement has been filed in any case resulting from the 2022 Kaye-Smith cybersecurity incident, *see generally Krefting v. Kaye-Smith Enters., Inc et al.*, Case No. 3:23-cv-01164-AR (D. Or.) and *Woodard v. Boeing Employees Credit Union et al.*, Case No. 3:23-cv-01165-AR (D. Or.); *see also Smith v. Kaye-Smith Enters., Inc.*, Case No. 3:22-cv-01499-AR (D. Or.), ECF No. 73, and it would release all claims against BECU and Kaye-Smith. *See Smith*, ECF No. 73, at pp. 31-32. Thus, to the extent Plaintiff entered into any resolution with any parties, he expected the release of all claims against BECU and Kaye-Smith.

BECU does not object to the dismissal of Plaintiff's action—with prejudice. "When dismissal by consent or stipulation of the parties follows a compromise or settlement of the suit, the dismissal is intended to operate as an end to litigation, and the dismissal is entered with prejudice." *See* Order Dismissing Action Against Defendant With Prejudice, *Buick v. World Sav. Bank*, Case No. 2:07-cv-01447-MCE-KJM (E.D. Cal. Dec. 1, 2010), ECF No. 107. In *Diamond State Ins. Co. v. Genesis Ins. Co.*, the parties agreed to resolve the action through settlement, but

DEFENDANT BOEING EMPLOYEES' CREDIT UNION'S
RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
CASE NO. 3:23-cv-01164-AR – 2

MAYER BROWN LLP
Attorneys at Law
1999 K Street, N.W.
Washington, D.C. 20006-1101

"disagree[d] as to whether th[e] case should be dismissed with or without prejudice." 2009 WL 10691169, at *1 (D. Nev. June 4, 2009), *aff'd*, 379 F. App'x 671 (9th Cir. 2010). The plaintiff sought dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). *Id.* The court held that dismissal was appropriate because the plaintiff "entered into a settlement agreement with Defendant in which Plaintiff agreed to 'waive and release any and all claims.'" *Id.* at *2. According to the court, because plaintiff's request for dismissal without prejudice amounted to an attempt "to revoke its promise" made in the parties' settlement agreement, dismissal with prejudice was appropriate "[t]o protect Defendant's interest in entering and upholding the settlement agreement." *Id.*; *see also Cooper v. Dept. of Tax'n*, 2019 WL 6114532, at *4 (D. Haw. Nov. 18, 2019) ("Defendants would have no incentive to settle if Plaintiff could simply refile his action after receiving his payout. Therefore, the dismissal should be with prejudice."), *aff'd*, 828 F. App'x 453 (9th Cir. 2020).*

In this case, given that (1) Plaintiff has informed the Court that he has reached a resolution with the parties, and (2) such resolution necessarily includes a release of his claims against BECU, dismissal of this case with prejudice is proper, and BECU does not object to dismissal of his action with prejudice.

---

* *See also Healey v. Labgold*, 271 F. Supp. 2d 303, 305 (D.D.C. 2003) ("[D]ismissals with prejudice are a matter of course in settlement agreements. Why settle a case, pay good money, and leave oneself exposed to another lawsuit?"); *Borroto v. Dicks*, 2007 WL 4207805, at *2 (N.D. Fla. Nov. 27, 2007) ("Here, voluntary dismissal of this action is proper because the parties have reached a settlement. Moreover, Defendants have also requested that this action be dismissed with prejudice. There[fore], dismissal should be with prejudice by agreement of the parties.").

|  |  |
|---|---|
| Dated: December 6, 2023 | By: */s/ Nicholas Kampars*<br>Nicholas Kampars, OSB No. 063870<br>**Wildwood Law Group LLC**<br>3519 NE 15th Ave., #362<br>Portland, OR 97212<br>Telephone: (503) 564-3049<br><br>Marcus A. Christian (*pro hac vice*)<br>Amber C. Thomson (*pro hac vice*)<br>**Mayer Brown LLP**<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone: (202) 263-3000<br><br>Attorneys for Defendant Boeing Employees' Credit Union |